*Myer & Van Buren,* for the motion.

The People
v.
Tefft.

*H. M. Romeyn,* contra.

## THE PEOPLE *against* TEFFT.

Practice as to taking bail on recognizance, upon arrest by attachment for contempt.

A defendant being arrested by attachment, for a contempt merely technical, and offering to give bail for his appearance, but the sheriff declining to go with him before a judge for this purpose, and having appeared and answered interrogatories, was discharged, on payment of costs, not including the sheriff's fees for attendance upon the attachment.

When, how, before whom, bail on attachment should be taken ; and the duty of the officer taking it.

What the sheriff should do on arrest.

Party's own recognizance to be taken, or plaintiff may demand bail.

THE defendant, a Justice of the Peace, being brought up on an attachment, at the present term, for a contempt in disobeying a rule to make a further return to a certiorari, had answered interrogatories, explaining the reason of his neglect, and now returned fully, and to the satisfaction of the plaintiff's counsel ; but it was agreed that he must pay the costs ; and thee only question was, how much these should be. The defendant had been arrested upon the attachment, by the Sheriff of the county of *Erie,* where he resided ; and after being so arrested, the Sheriff suffered him to go at large, which he did till the return day of the attachment, when he voluntarily appeared. Shortly after the arrest, however, the Sheriff told him that he was advised by the attorney for the plaintiff, that he must attend this Court personally, to return the attachment, upon which the defendant offered to give bail, or a sufficient recognizance to appear, which the Sheriff told him he could not accept ; and attended this

Court accordingly. The Sheriff made an affidavit that he acted in good faith, and as he supposed his duty to be.

*J. Platt*, for the plaintiffs.

*S. M. Hopkins*, contra.

*Curia.* The usual practice is, when the defendant is arrested upon the attachment, either to take his recognizance, or the recognizance of him and his bail, conditioned that he shall appear at the return day, &c. There is, in general, no need of committing him to close confinement. But the plaintiffs, or rather the party who prosecutes in their name, may exact not only the defendant's recognizance, but that of a surety ; and, in either event, the books of practice say, the Sheriff should, in all cases of contempt, indiscriminately, take the defendant before a Judge, who will exercise a sound discretion, under the circumstances of the case, whether the defendant shall be let out on bail at all, and upon what terms, whether upon his own recognizance alone, or with a surety or sureties, and in what amount. This is highly reasonable and necessary. It would be extremely rigorous, in the case of a trifling contempt, to commit a party to close custody, and finally conduct him (as in this case) a distance of 300 miles, at enormous expense, for a contempt which is, perhaps, merely technical, and unattended with a single circumstance of aggravation. We think, therefore, that when the party requires it, the Sheriff should take him before a Judge, or commissioner authorized by the statute to take bail in these cases, who will determine what shall be the proper course, on being instructed as to the nature of the case. If not aggravated, and nothing beyond costs appears to be involved in the issue, a recognizance, in the usual sum of $100, will be taken, or a larger sum, if the aggravation of the offence or the amount in controversy shall demand more. In ordinary cases, too, when the defendant comes in upon the attachment, his recognizance is taken in the usual sum, to appear, *de die in diem*, and answer interrogatories. In the present case, it could not be necessary for the Sheriff to in-

ALBANY,
October, 1824.

Jackson
v.
Thurston.

cur the loss of time, and the heavy disbursements incident to a personal attendance. Let the defendant be discharged, on payment of costs to be taxed, exclusive of those for the attendance of the Sheriff upon the attachment, for the purpose of bringing the defendant into Court.

Rule accordingly.